UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KRISTEN ELIZABETH WAGNER,

    Petitioner,

v.                                           Case No.  3:20-cv-5219-MCR-MJF

MARK S. INCH,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Kristen Wagner, represented by counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1).[1] The parties agree that Wagner's petition is a "mixed petition," because it contains both an exhausted and an unexhausted claim. (Doc. 1; Doc. 2 at 1, 7). Respondent ("the State") asserts that Wagner's mixed petition should be dismissed. (Doc. 7). The undersigned previously determined that a stay and abeyance of Wagner's mixed petition was not warranted, and offered Wagner the choice of either proceeding with only exhausted claims, or facing dismissal of her entire petition. (Doc. 8). Wagner chose not to amend her

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

petition to remove the unexhausted claim. Left with Wagner's mixed petition, the undersigned concludes that the petition should be dismissed without prejudice.

## I.  Background and Procedural History

Wagner initiated this action on March 25, 2020, by filing a counseled § 2254 petition. (Doc. 1). Wagner is challenging her attempted first-degree murder conviction entered in Okaloosa County Circuit Court Case No. 2014-CF-1697. (*Id.*).

Wagner's conviction and sentence were affirmed by the Florida First District Court of Appeal ("First DCA") on December 6, 2017, in a published opinion. *See Wagner v. State*, 240 So. 3d 795 (Fla. 1st DCA 2017) (copy at Doc. 2, Ex. A). Wagner filed a notice to invoke the discretionary jurisdiction of the Florida Supreme Court, but her notice was dismissed as untimely on March 9, 2018. *Wagner v. State*, No. SC18-376, 2018 WL 1224625 (Fla. Mar. 9, 2018) (copy at Doc. 2, Ex. B). After Wagner petitioned for belated discretionary review, the Florida Supreme Court granted her petition and ordered that her direct review be reopened. *Wagner v. State*, No. SC18-1640, 2019 WL 404586 (Fla. Jan. 31, 2019) (copy at Doc. 2, Ex. C). On July 11, 2019, the Florida Supreme Court denied discretionary review. *Wagner v. State*, No. SC19-141, 2019 WL 3036549 (Fla. July 11, 2019) (copy at Doc. 2, Ex.

D). The time for Wagner to seek certiorari with the United States Supreme Court expired on October 9, 2019.² *See* Sup. Ct. R. 13.3.

On February 25, 2020, Wagner filed a motion for postconviction relief in the state circuit court, pursuant to Florida Rule of Criminal Procedure 3.850. (Doc. 2, Ex. E). That motion remains pending in state court. (Doc. 1 at 16; Doc. 2 at 4).

Wagner filed her federal habeas petition one month later, on March 25, 2020. (Doc. 1). Wagner's petition raises two claims: (1) the trial court denied her the right to present critical defense evidence, in violation of the Sixth and Fourteenth Amendments; and (2) trial counsel provided ineffective assistance when he failed to request a jury charge on Section 776.012, Florida Statutes, in violation of the Sixth and Fourteenth Amendments. (Doc. 1 at 7, 16) Wagner concedes that her petition is a "mixed petition," because it contains both an exhausted and an unexhausted claim. (Doc. 2 at 1, 7). Wagner explains that her first claim was raised on direct appeal, but her second claim is pending state-court review in her Rule 3.850 proceeding. (*Id*. at 1). Wagner moved this court to stay her mixed § 2254 petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (Doc. 2).

---

² On April 13, 2018, Wagner filed a motion to correct illegal sentence in the state circuit court. The state court denied relief, and the First DCA affirmed *per curiam* on January 16, 2019. *Wagner v. State*, 263 So. 3d 751 (Fla. 1st DCA 2019) (Table). The mandate issued on February 13, 2019.

The State responded and agreed that Wagner's ineffective assistance claim was unexhausted and that the petition was a mixed petition. (Doc. 7). The State declined to waive exhaustion, and opposed a stay as unwarranted. The State asserted that Wagner's mixed petition should be dismissed unless Wagner amended the petition to remove the unexhausted claim. (*Id*.).

On May 5, 2020, the undersigned determined that Wagner's petition was a mixed petition; that a stay was not appropriate; and that dismissal of the petition would not unreasonably impair Wagner's right to obtain federal habeas relief. (Doc. 8). The undersigned notified Wagner that a recommendation would be made to the District Court to dismiss her mixed petition, unless she amended her petition, prior to June 5, 2020, to remove the unexhausted claim. (*Id*.). Wagner has not filed an amended petition. Wagner's habeas petition remains a mixed petition.

## II.   Discussion

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas petitioner must first exhaust state-court remedies. 28 U.S.C. § 2254(b)(1)(A). A petitioner exhausts a claim when she affords the state courts "a full and fair opportunity to address and resolve the claim on the merits." *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1343 (11th Cir. 2004) (quotation omitted). A habeas petition that contains both exhausted and unexhausted claims is considered a mixed petition. *Rose v. Lundy*, 455 U.S. 509, 510

(1982) (referring to a habeas petition containing both exhausted and unexhausted claims as a "mixed petition"); *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (same).

The Supreme Court has interpreted the exhaustion rule in § 2254 as a "total exhaustion rule," and held that the policy underlying exhaustion (namely, comity) requires that the rule be "strict[ly] enforce[d]." *Lundy*, 455 U.S. at 510, 520, 522. The Court directed district courts to dismiss mixed petitions without prejudice, thereby giving the prisoner "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510.

The parties agree that Ground Two of Wagner's petition is unexhausted, because her ineffective assistance of counsel claim is still pending in the state courts. The parties also agree that Wagner's petition is a mixed petition. (Docs 1, 2, 7). The State invokes the exhaustion bar and argues that Wagner's mixed petition should be dismissed. (Doc. 7).

The undersigned previously made findings on whether a stay and abeyance under *Rhines v. Weber* was appropriate, and determined that it was not. (Doc. 8).[3]

---

[3] In *Rhines*, the Court addressed the question "whether a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." 544 U.S. at 271-72. The Court concluded that the AEDPA does not deprive district courts of authority to stay mixed petitions, but that it does, however, "circumscribe their discretion." *Id.* at 276. A stay and abeyance of

Those findings are incorporated into this report and recommendation. The undersigned notified Wagner that her mixed petition would be dismissed on June 5, 2020, unless she amended her petition to remove her unexhausted claim. (*Id*.). Wagner declined to amend her petition. Pursuant to *Lundy*, therefore, Wagner's mixed petition should be dismissed without prejudice. 455 U.S. at 522 ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

## III.   Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

---

a mixed petition is appropriate only if the district court finds: (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court;" (2) the unexhausted claims are "potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation

by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Wagner's mixed petition for writ of habeas corpus (Doc. 1), be **DISMISSED** without prejudice.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this case file.

At Panama City, Florida, this 18th day of June, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.